UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMAINE HIBBERT,

               Plaintiff,

    -against-

MONTEFIORE MEDICAL CENTER,

               Defendant.

23-CV-09589 (JHR)(RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

       The Court received an undocketed communication from Plaintiff, Charmaine Hibbert.

Plaintiff, who is proceeding as pro se, is reminded that all communications with the Court must

be filed on the docket, even if opposing counsel are copied on the message, attached as

Exhibit A and B to this Order.

DATED:  April 15, 2024
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

**EXHIBIT A**

| | |
|---|---|
| **From:** | Cee L |
| **To:** | Tarnofsky NYSD Chambers |
| **Subject:** | Fwd: proposed case mang.plan |
| **Date:** | Saturday, April 13, 2024 11:21:04 PM |
| **Attachments:** | image.pdf |

<mark>**CAUTION - EXTERNAL:**</mark>

---------- Forwarded message ---------
From: <mtvlibraryscanner@gmail.com>
Date: Wed, Apr 10, 2024 at 7:29 PM
Subject: proposed case mang.plan
To: <c.lewin0202@gmail.com>, <ehaigh@littler.com>

Hello your honor im uncertain as to why Emily C.Haigh is stating she didnt receive the proposed
case mang.plan & report attached is the paperwork that was sent,there was a delay i had to
wait for Ny lag to assist,i did not understand how to complete the forms thank you.

Hello,
The attachment is the image(s) scanned by SimpleScanStation.
Thank you.
http://www.simplescanstation.com/

<mark>**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.</mark>

# Littler

**EXHIBIT B**

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Emily C. Haigh
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
ehaigh@littler.com

March 26, 2024

**VIA ECF**

The Honorable Robyn F. Tarnofsky
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Charmaine Hibbert v. Montefiore Medical Center*
         Case No. 1:23-cv-09589 (JHR) (RFT)

Dear Judge Tarnofksy:

We represent Defendant Montefiore Medical Center in the above referenced action. We write, pursuant to Rule 1(E) of Your Honor's Individual Rules, to request that the Court adjourn, *sine die*, the Initial Conference scheduled for April 15, 2024, (Dkt. No. 15) and all other related deadlines including the filing of a Case Management Plan, until after Defendant responds to the Complaint on or before April 23, 2024 (Dkt. No. 16). This is Defendant's first request for an adjournment. Counsel for Defendant spoke with Plaintiff on March 26, 2024, but was unable to confirm whether Plaintiff consents or not to this request.

Respectfully submitted,

*/s/ Emily C. Haigh*

Emily C. Haigh

cc:     Charmaine Hibbert (via First Class Mail to 128 Lorraine Avenue Mount Vernon, NY
         10553)

*Revised February 27, 2024*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Charmaine Hibbert

               Plaintiff(s),

     -against-

Montefiore Medical Center

               Defendant(s).

------------------------------------------------------------X

23 Civ. 09589 ( JHR ) (RFT)

**PROPOSED CASE MANAGEMENT PLAN AND
REPORT OF RULE 26(f) CONFERENCE**

## Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

*Revised February 27, 2024*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on** _04/09/2024_ (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1.   **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:
  Discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act
Defendant discriminated against me because of my protected status by terminating my employment, refusing to transfer me, providing me with employment termns and conditions different from similarly situated employees, retaliating against me, and creating a hostile work environment.

Defendant:
Plaintiff's Complaint should be dismissed because the New York State Division of Human Rights dismissed Plaintiff's claims with no probable cause. The decision precludes Plaintiff from bringing state and city claims and should be given substantial weight in dismissing her federal claims. ~~Plaintiff's Complaint also fails to state a claim for discrimination and/or retaliation under Title VII.~~ Plaintiff does not allege that she was discriminated and/or retaliated against because of any protected category.

2.   **Basis of Subject Matter Jurisdiction**

The Southern District of New York has federal question jurisdiction over this matter.

*Revised February 27, 2024*

3. **Subjects on Which Discovery May Be Needed**

   Plaintiff(s):
   Records related to my employment documenting Defendant's reasons for taking certain
   employment actions against me. Relevant employment policies, handbooks, and procedures.
   Emails and other communications between Defendant employees and/or union representatives
   related to my employment.

   _____

   _____

   Defendant(s):
   Defendant does not anticipate needing discovery in this matter due to the strength
   of its motion to dismiss. If the matter moves on to the discovery stage, Montefiore
   will seek discovery into all of Plaintiff's allegations.

   _____

   _____

   _____

4. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was

   ***disclosed by Plaintiff(s)*** on  by April 23rd . In addition, on _____, Plaintiff(s)

   produced/will produce an initial set of relevant documents identified in its Initial

   Disclosures and will continue to supplement its production.

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was

   ***disclosed by Defendant(s)*** on _____. In addition, on _____,

   Defendant(s) produced/will produce an initial set of relevant documents identified in its

   Initial Disclosures and will continue to supplement its production. 21 days after Judge Rearden's ruling
   on Defendant's motion to dismiss
   and motion to stay discovery

5. **Formal Discovery**

   The parties jointly propose to the Court the following discovery plan:

   120 days after Judge Rearden's ruling on Defendant's
   All fact discovery must be completed by motion to dismiss and motion to stay discovery

*Revised February 27, 2024*

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a.   <u>Depositions</u>:  Depositions shall be completed by _____ and limited to no more than _____ depositions per party.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.   120 days after Judge Rearden's ruling on Defendant's motion to dismiss and motion to stay discovery

b.   <u>Interrogatories</u>:  Initial sets of interrogatories shall be served on or before _____.  All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.   30 days after Judge Rearden's ruling on Defendant's motion to dismiss and motion to stay discovery

c.   <u>Requests for Admission</u>:  Requests for admission must be served on or before _____.   30 days before the close of discovery

d.   <u>Requests for Production</u>:  Initial requests for production were/will be exchanged on _____ and responses shall be due on _____.  All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.   30 days after Judge Rearden's ruling on Defendant's motion to dismiss and motion to stay discovery

e.   <u>Supplementation</u>:  Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.   **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes?  Does either party seek limitations on discovery?  Describe.
N/A

*Revised February 27, 2024*

7. **Amendments to Pleadings**

   a.   Are there any amendments to pleadings anticipated? No

   b.   Last date to amend the Complaint: _____

8. **Joinder of Parties**

   a.   Are there other necessary parties that need to be joined? Y/N

   b.   Is joinder of other parties anticipated?  No.

   c.   Last date to join other parties: _____.

9. **Expert Witness Disclosures**

   At this time, the parties do/do not (circle one) anticipate utilizing experts.  Expert

   discovery shall be completed by _____.

10. **Electronic Discovery and Preservation of Documents and Information**

   a.   Have the parties discussed electronic discovery?  No.

   b.   Is there an electronic discovery protocol in place?  If not, when the parties
        except to have one in place? _____.

   c.   Are there issues the parties would like to address concerning preservation of
        evidence and/or electronic discovery at the Initial Case Management
        Conference?
        N/A.
        _____
        _____
        _____
        _____
        _____

11. **Anticipated Motions**
    Defendant will file a motion to dismiss the Complaint and a motion to stay
    discovery (pending Judge Rearden's decision of such motion) on or before April
    23, 2024.
    _____
    _____
    _____

*Revised February 27, 2024*

12.    **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement.

The parties request a settlement conference by no later than _N/A_____.

The following information is needed before settlement can be discussed:                              .

_____
_____
_____

13.    **Trial**

a.    The parties anticipate that this case will be ready for trial by ___TBD_____.

b.    The parties anticipate that the trial of this case will require ___5____ days.

c.    The parties request a jury/bench (circle one) trial.

d.    The parties consent/do not consent (circle one) to Magistrate Judge

jurisdiction at this time.

14.    **Other Matters**

_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c).  To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this 09 day of April, 2024.

/s/ Charmaine Hibbert _____          ___/s/ Emily C. Haigh _____
Counsel for Plaintiff(s)                                    Counsel for Defendant(s)