UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMAINE HIBBERT,<br><br>　　　　　　　　Plaintiff,<br><br>　-against-<br><br>MONTEFIORE MEDICAL CENTER,<br><br>　　　　　　　　Defendant. | 23-CV-09589 (JHR)(RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

　　On April 24, 2024, Plaintiff, who is proceeding pro se in this employment discrimination action, submitted an application for the Court to request pro bono counsel for her because she is "currently unemployed"; has "exhausted all of [her] savings"; and cannot seek employment because she is in poor health. (ECF 37.)

　　Federal judges have "broad discretion" when deciding whether to try to obtain pro bono counsel for litigants who cannot afford to hire their own lawyer. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." *Burgos*, 14 F.3d at 789; 28 U.S.C. § 1915(e) (formerly 28 U.S.C. § 1915(d)). In fact, courts should seek pro bono counsel judiciously to preserve the "precious commodity" of volunteer lawyers for those litigants who truly would benefit from a lawyer's assistance. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). "Because this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 2013 WL 150206 (CM), at *1 (S.D.N.Y. Jan. 11, 2013).

The Second Circuit in *Hodge* ruled that, before seeking pro bono counsel for a pro se litigant in a civil case, a court must first determine "whether the indigent's position seems likely to be of substance"; this "merit" factor requires the most attention. *Hodge*, 802 F.2d at 61; *Cooper*, 877 F.2d at 172. In making this determination, the Court construes the pro se pleadings liberally, interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). "If the claim meets this threshold requirement," the Court should consider the litigant's ability to obtain counsel and her ability "to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see also Hodge*, 802 F.2d at 61-62. For purposes of the application for pro bono counsel, I construe the complaint liberally and assume for the sake of argument that it has "some likelihood of merit" and therefore meets the threshold requirement under *Hodge*. *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (internal quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730 (KMK), 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit").

However, Plaintiff has not addressed the question whether she can find counsel on her own, and so her request that the Court locate pro bono counsel for her should be denied. *See Jackson v. Stewart*, No. 22-CV-7476 (KMK), 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (denying a request for pro bono counsel because the plaintiff had failed to show that he was unable to locate counsel); *Moritz v. Town of Goshen*, No. 15-CV-5424 (NSR) (LMS), 2015 WL

2

13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (denying an application to request pro bono counsel where it was "unclear how many lawyers [the pro se defendant] ha[d] contacted and whether she ha[d] fully exhausted all possible efforts to obtain counsel"); *Anderson v. Romano*, No. 08-CV-0559 (JSR) (KNF), 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"). Plaintiff's application indicates that she cannot afford to pay a retainer, but she does not describe what efforts she made to engage counsel on contingency. And Plaintiff does not discuss whether she sought pro bono assistance through legal services clinics or non-profit organizations, meaning that she has not shown that she performed an exhaustive search for counsel. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403 (CM) (JLC), at *2 (S.D.N.Y. Jan. 14, 2013).

  Nor has Plaintiff demonstrated why she needs counsel. To the extent that Plaintiff is suggesting that she lacks the legal expertise to litigate this case, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio DDS*, No. 11-CV-6061 (PKC) (KNF), 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate [her] claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865 (RCC) (KNF), 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999). Her claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-0028 (CM), 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2023).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not demonstrated that finding pro bono counsel for her would make it more likely that the Court will make "a just determination in this case." *Shelby v. Petreucci*, No. 23-CV-4315 (KMK), 2023 WL 6623180, at *2-3 (S.D.N.Y. Oct. 11, 2023). Accordingly, I cannot conclude that Plaintiff has justified being provided with pro bono counsel at this time. Plaintiff may renew her request at a later stage in the case if circumstances change.

DATED: April 30, 2024
          New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge